### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
**Austin Division**

| | |
|---|---|
| KEITH F. BELL, Ph. D., | |
| Plaintiff | Case No.: 1:17-cv-73 |
| vs. | |
| THE MOAWAD GROUP, LLC d/b/a Moawad Consulting Group, | **JURY TRIAL DEMANDED** |
| -AND- | |
| TREVOR MOAWAD, individually and d/b/a Moawad Consulting Group | |
| Defendants. | |

## PLAINTIFF KEITH F. BELL, Ph.D.'s COMPLAINT

Plaintiff Keith F. Bell, Ph.D., files this Complaint to recover damages arising from and to enjoin violations of Plaintiff's intellectual property rights by Defendants The Moawad Group LLC d/b/a Moawad Consulting Group and Trevor Moawad, individually and d/b/a Moawad Consulting Group, and alleges as follows:

## PARTIES

1.    Plaintiff Keith Bell, Ph.D. is a resident of Texas, with a primary business and residential address at 3101 Mistyglen Circle, Austin, Texas 78746.

2.    Defendant The Moawad Group, LLC ("TMG") is an Arizona limited liability company, with a principal place of business at 14362 N. Frank Lloyd Wright, Scottsdale, Arizona 85260. TMG solicits and transacts business throughout the United States, including in the state of Texas.

3.      On information and belief, TMG has and continues to solicit and conduct business in the state of Texas and throughout the United States under the fictitious name "Moawad Consulting Group" ("MCG").

4.      Defendant Trevor Moawad is a resident of the state of Arizona, with an address of 19016 N. 90th Place, Scottsdale, Arizona 8525. Defendant Moawad is the sole member and the sole manager of TMG. On information and belief, Defendant Moawad has and continues to solicit and conduct business in the state of Texas and throughout the United States individually and under the MCG tradename.

## JURISDICTION AND VENUE

5.      This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq*.

6.      This Court has subject matter jurisdiction over Plaintiff's claims arising under the Copyright Act pursuant to 28 U.S.C. § 1331 and § 1338(a).

7.      This Court has personal jurisdiction over Defendants because they have minimum contacts with the State of Texas. Defendants have purposely availed themselves of the laws of Texas through, *inter* alia, regularly soliciting and conducting business in the state of Texas, and each Defendant maintains a continuous presence in the state of Texas through long-standing and ongoing business relationships. Moreover, the acts described herein of willful infringement were directed by Defendants at Texas and this judicial district, and Defendants have caused injury to Plaintiff and his intellectual property within the State of Texas and this judicial district.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) the acts of infringement, injury to Plaintiff, and other wrongful conduct alleged

occurred in this district; and (b) Defendants have a sufficient connection with this district to make venue proper, all as alleged in this Complaint.

## GENERAL ALLEGATIONS

### Plaintiff's Professional Career and Recognition

9.     Plaintiff is an internationally recognized sports psychologist and sports performance consultant. For example, Plaintiff has worked as a sports psychologist with over 500 teams, including the Olympic and national teams for the United States, Canada, Australia, Hong Kong, Fiji, Cayman Islands and New Zealand.

10.     Plaintiff has also enjoyed success as an athlete and coach. He is a four-time collegiate All-American swimmer, a holder of numerous world and national masters swim records, and has coached several collegiate, high school, and private swim teams to competitive success.

11.     Plaintiff has been and remains a sought-after speaker at national and international coaching symposia. For example, Plaintiff has been a featured speaker with the American Swim Coaches Association, the North American Soccer Coaches Association, the National Interscholastic Coaches Association Clinic, the Australian Swimming Coaches Association, the Canadian Swimming Coaches Association, the Japanese Masters Swimming Coaches Association, and the British Swim Coaches Association.

12.     In addition, Plaintiff has authored and published ten (10) books and over eighty (80) articles relating to sports psychology and sports performance. He has been a regular columnist for national swimming publications such as Swimmers, Swimmers Coach, SwimSwam, and Swim Texas Magazine, and is a regular contributor to Austin Fit Magazine.

**Plaintiff's Original Literary Work, *Winning Isn't Normal***

13.      Plaintiff is the sole author of the original literary work *Winning Isn't Normal*, which Plaintiff first published in 1982. Plaintiff continues to own all rights in *Winning Isn't Normal*.

14.      Plaintiff holds a copyright registration for *Winning Isn't Normal*. A copyright registration certificate for *Winning Isn't Normal* was issued to Plaintiff by the United States Copyright Office on or about September 21, 1989, with the registration number TX0002672644. A copy of the registration as reflected in the Copyright Office's online catalog is attached as **Exhibit A**.

15.      Since Plaintiff authored and published *Winning Isn't Normal*, he has and continues to promote, distribute, offer for sale, and sell numerous copies of the work. Currently, Plaintiff offers *Winning Isn't Normal* for sale through Amazon.com and the website keelpublications.com.

16.      Plaintiff has made and continues to make meaningful efforts to create a market for *Winning Isn't Normal* and to protect and enjoy the rights afforded to him under the Copyright Act.

17.      For example, Plaintiff creates, markets, and sells derivative works featuring *Winning Isn't Normal*, such as posters and t-shirts that display a portion of *Winning Isn't Normal*. This portion of *Winning Isn't Normal* is viewed by Plaintiff and others as the heart of Plaintiff's literary work.

18.      Plaintiff owns the domain winningisntnormal.com, which points to the keelpublications.com website where Plaintiff offers *Winning Isn't Normal* and derivative works for sale.

19.      Due to the popularity of his original work *Winning Isn't Normal*, Plaintiff has been able to increase his international recognition as an authority in sports psychology and sports

performance, and has been asked to speak at conferences, symposia, and other engagements as a result.

20.     Plaintiff has offered and continues to offer licenses at fair and reasonable rates to others who wish to publish or otherwise use the popular *Winning Isn't Normal* on the internet or in traditional publishing mediums.

21.     Plaintiff has taken due care to provide notice of his copyright in *Winning Isn't Normal.* Plaintiff has included appropriate copyright notices on physical and electronic copies of *Winning Isn't Normal*, provides appropriate copyright notices on Amazon.com and keelpublications.com, and includes a conspicuous copyright watermark on digital images of derivative works (such as posters) or excerpts that he posts online or otherwise distributes. Plaintiff also includes information on keelpublications.com regarding how to contact Plaintiff about obtaining permission to use *Winning Isn't Normal*.

22.     Because of Plaintiff's commercial efforts, Plaintiff enjoys trademark protection in the word mark "WINNING ISN'T NORMAL," which he uses in connection with goods and services relating to printed matter, including his "Winning Isn't Normal®" series of books of which *Winning Isn't Normal* is part. The United States Patent and Trademark Office issued a trademark registration to Plaintiff for "WINNING ISN'T NORMAL" on November 4, 2014, with a registration number of 4630749. A copy of the trademark registration is attached as **Exhibit B**.

23.     Pursuant to Section 33(b) of the Lanham Act, registration of the WINNING ISN'T NORMAL® mark is conclusive evidence of the validity of the registered mark and of Plaintiff's right to use the registered mark in commerce in connection with the goods or services specified in the registration.

24.     As a result of the unique and distinctive nature of Plaintiff's WINNING ISN'T NORMAL® mark and his continued commercial use of the mark, "Winning Isn't Normal" has become widely associated with Plaintiff's printed material and related goods and services. The WINNING ISN'T NORMAL® mark is indicative to consumers that printed material and related items bearing the WINNING ISN'T NORMAL® mark originate from or are affiliated with, sponsored, or approved by Plaintiff.

**Defendants' Operations**

25.     Defendants have been and continue to be engaged in the business of providing consulting services in the fields of sports performance, mental conditioning, and brand management to professional and collegiate athletes and athletic teams, the military, businesses, and other individuals and organizations. Defendants provide these services under the MCG tradename.

26.     Defendants and their agents and employees have provided and continue to provide consulting and related services in Texas under the MCG tradename. For example, Defendants maintain a long-standing and close business relationship with a renowned sports performance center located in Texas. As another example, Defendants, through their members and employees and under the MCG tradename, have provided and continue to provide sports performance and mental conditioning consulting services to athletic teams at Texas public universities and at athletic events held in Texas.

27.     As part of their regular business operations, Defendants and their agents and employees maintain public Twitter, Instagram, and Facebook feeds operating under the MCG tradename ("MCG Social Media"). Defendants use MCG Social Media to promote their sports

performance, mental performance, and brand management consulting services and interact with their social media followers and the general public on MCG Social Media.

28.    Defendants are aware (or should be aware) that several MCG Social Media followers and other readers are located in Texas and this district, due to Defendants' close business relationship with several Texas residents. In addition, information available on MCG Social Media identifies several followers of MCG Social Media as being located in Texas.

29.    It is part of Defendants' regular business practice to conduct Google searches to find images and other content to reproduce, display, and distribute on MCG Social Media. Because of such activity, Defendants are familiar, or should be familiar, with the copyright laws that govern the content for which they search, reproduce, display and distribute on MCG Social Media.

## Defendants' Infringing Acts

30.    Recently, it has come to Plaintiff's attention that Defendants reproduced, displayed and distributed (and/or caused to be reproduced, displayed and distributed) a substantial portion of *Winning Isn't Normal* on the MCG Social Media, without receiving prior authorization from Plaintiff.

31.    Specifically, at least as early as May 11, 2016, Defendants reproduced, displayed and distributed a significant passage from *Winning Isn't Normal*, constituting the heart of the work, on the public MCG Twitter, Instagram, and Facebook feeds ("Infringing Posts"), without authorization from Plaintiff. A copy of each of the Infringing Posts are attached as **Exhibits C-E**.

32.    On information and belief, the Infringing Posts remained on MCG Social Media until at least December 6, 2016, the day after which Plaintiff's counsel informed Defendants in writing that they had willfully infringed *Winning Isn't Normal*.

33.     On information and belief, Defendants accessed, on at least one occasion, *Winning Isn't Normal* and/or the passage of *Winning Isn't Normal* they used in the Infringing Posts through their regular business activity of combing Google for content to reproduce, display, and distribute on MCG Social Media.

34.     A simple Google search for "Winning Isn't Normal" returns a first page of search results establishing that Plaintiff is the sole author of *Winning Isn't Normal*, and that he holds a registered copyright in the same. A copy of a screenshot from a Google search for "Winning Isn't Normal," performed January 17, 2017, is attached as **Exhibit F**.

35.     A simple Google Images search for "Winning Isn't Normal" returns a first page with evidence clearly indicating that Plaintiff is the original author of the significant passage from *Winning Isn't Normal* Defendants posted on MCG Social Media, and that the passage is protected under Plaintiff's registered copyright in *Winning Isn't Normal*. A copy of a screenshot from a Google Images search for "Winning Isn't Normal," performed January 17, 2017, is attached as **Exhibit G**.

36.     Defendants knowingly disregarded or were willfully blind to plain evidence that Plaintiff was the original author of and copyright holder in *Winning Isn't Normal*, and instead knowingly elected to reproduce, display, and distribute Plaintiff's copyrighted work on the commercially-driven MCG Social Media without Plaintiff's authorization.

37.     Defendants failed to attribute the copyrighted passage in the Infringing Posts to Plaintiff, despite having actual or constructive knowledge that the passage contained in the Infringing Posts was authored by Plaintiff.

38.     Defendants' failure to provide proper attribution and their election to include a short and misrepresentative title "Great Minds 'Behave' Differently" on the Infringing Posts caused the

misleading appearance that Defendants authored the content of the Infringing Posts, to the detriment of Plaintiff.

39.     Defendants also failed to include any copyright notice information in the Infringing Posts, despite having actual or constructive knowledge that the passage contained in the Infringing Posts was subject to a copyright owned by Plaintiff.

40.     On information and belief, Defendants knowingly removed authorship and/or copyright notice information from the Infringing Posts without Plaintiff's permission, and/or distributed the Infringing Posts with actual or constructive knowledge that authorship and/or copyright notice information had been removed or altered without Plaintiff's permission.

## COUNT I – COPYRIGHT INFRINGEMENT

41.     Plaintiff fully incorporates by reference herein the allegations in Paragraphs 1-40.

42.     Defendants have infringed Plaintiff's registered copyright in *Winning Isn't Normal* in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

43.     Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

44.     As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial.

45.     Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and constructive trust with respect to such profits.

46.     Plaintiff is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

47.     Plaintiff is informed and believes that unless enjoined and restrained by this Court, Defendants will again infringe Plaintiff's rights in the Infringed Work, to the irreparable injury of Plaintiff. Plaintiff is also entitled to injunctive relief to enjoin Defendants' from further infringement of *Winning Isn't Normal*.

## COUNT II – REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

48.     Plaintiff fully incorporates by reference herein the allegations in Paragraphs 1-47.

49.     In violation of 17 U.S.C § 1202(b), Defendants knowingly removed copyright management information from Plaintiff's copyrighted work without Plaintiff's permission and/or distributed the unauthorized copies of Plaintiff's work with actual and/or constructive knowledge that authorship and copyright notice information had been removed or altered without Plaintiff's permission.

50.     As a direct and proximate result of Defendants' acts, Plaintiff is entitled to damages in an amount to be proven at trial, pursuant to 17 U.S.C § 1203(c).

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants, individually, jointly, and severally, as follows:

1. For statutory and/or actual damages in such amount as may be found, or as otherwise permitted by law, including enhanced damages based on Defendants' willful and deliberate conduct;

2. For an accounting of and the imposition of constructive trust with respect to Defendants' profits attributable to their infringements of Plaintiff's copyright in *Winning Isn't Normal*;

3. For a permanent injunction pursuant to 17 U.S.C. § 502 prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all

persons acting in concert or participation with each or any of them, from infringing Plaintiff's

copyright in *Winning Isn't Normal;*

    4.  For prejudgment interest, according to law.

    5.  For Plaintiff's attorneys' fees, costs, and disbursements in this action.

    6.  For such other and further relief as the Court may deem just and proper.

Dated: February 3, 2017

                        Respectfully submitted,

                        /s/ JT Morris

                        JT Morris
                        Texas State Bar No. 24094444
                        JT Morris Law, PLLC
                        610 Brazos Street, Suite 320
                        Telephone: (512) 717-5275
                        Fax: (512) 582-2948
                        E-mail: jt@jtmorrislaw.com

                        **ATTORNEY FOR PLAINTIFF KEITH BELL, Ph.D.**